IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL TURNER,

        Plaintiff,

  v.

OAKLAND POLICE OFFICERS
CHRISTOPHER CRAIG, et al.

        Defendants.
                                    /

No. C 09-03652 SI

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

Defendants filed a motion to dismiss plaintiff's first amended complaint. The Court heard oral argument on the motion on December 15, 2009. The Court granted defendants' motion from the bench and granted plaintiff leave to file a second amended complaint, and plaintiff filed his second amended complaint the same day as the hearing. Subsequently, plaintiff requested a written order supplementing the Court's oral ruling. Accordingly, the Court hereby rules as follows.

**BACKGROUND**

On March 23, 2009, plaintiff Michael Turner was arrested after a traffic stop by Oakland police officers, defendants Phan and Turner. Plaintiff was riding as a passenger in his vehicle when the officers performed the stop. The complaint is silent as to the officers' cause—or lack thereof—for the stop; however, at some point, defendants placed plaintiff in handcuffs and searched his vehicle. According to the complaint, upon searching the glove box, defendant "Turner seized a bottle of 'blessing oil,'" which plaintiff claimed both to use for religious purposes and to be free of any illegal substances. Compl. ¶ 14. According to plaintiff, defendants believed the oil to be an

illegal substance, and another Oakland police officer, defendant Craig, "mocked [p]laintiff's religion and exclaimed: 'Blessing oil my ass! You are going down for the oil.'" Compl. ¶ 15. Plaintiff further alleges that the defendants "admitted that they were not sure the blessing oil contained any illegal substances." *Id.* Defendants arrested plaintiff for possession of the blessing oil, and plaintiff's car was seized. Plaintiff asked the officers to test the blessing oil; however, according to the complaint, the testing took nearly a week to complete. During this period, plaintiff remained in jail, and, after approximately one week, plaintiff was released. He alleges that the oil was tested and did not contain any illegal substances.

Plaintiff brings suit against defendants Phan, Turner, and Craig, all Oakland police officers, under 42 U.S.C. § 1983 alleging violations of his First and Fourth Amendment rights; against defendant City of Oakland alleging a "*Monell* claim" for failure to "properly and adequately hire, train, retain, supervise, and discipline its police officers"; and against all defendants for state-law claims of false arrest and intentional infliction of emotional distress. On September 30, 2009, plaintiff filed a first amended complaint and defendants filed a motion to dismiss plaintiff's original complaint. Defendants now move to dismiss plaintiff's first amended complaint.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the

2

court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.     Section 1983 Claims**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987). Plaintiff alleges that defendants, acting in their capacity as Oakland police officers, violated his First and Fourth Amendment rights. Plaintiff also attempts to state a claim against the City of Oakland for municipal liability under *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978).

**A.     First Amendment Violation**

"The Free Exercise Clause of the First Amendment, which has been made applicable to the states by incorporation into the Fourteenth Amendment, provides that 'Congress shall make no law respecting an establishment of religion, *or prohibiting the free exercise thereof.*'" *Employment Div., Oregon Dep't of Human Resources v. Smith*, 494 U.S. 872, 876-77 (1990) (citing U.S. Const. amend. I) (internal citations omitted) (emphasis in *Smith*). "Official action," either through the passage of a facially discriminatory law or through the application of a neutral law in a discriminatory manner, violates the free exercise clause when the "object or purpose of [that action is] suppression of religion or religious

3

conduct." *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 533-34 (1993); *see also*, *Lewis v. Mitchell*, 416 F. Supp.2d 935, 944 (S.D. Cal. 2005) ("Plaintiff must assert more than negligence to state a valid § 1983 claim for the violation of his Free Exercise rights. Instead, Plaintiff must allege conscious or intentional acts that burden his free exercise of religion.") However, neutral, generally-applicable government action that has an incidental or tangential effect on religious practice is not a violation of the free exercise clause, unless the action is not rationally related to a legitimate government interest. *Id*. at 531; *Smith*, 494 U.S. at 885 (1990).

Plaintiff alleges that his arrest and the seizure of his blessing oil violated his right to practice his religion. In support of his claim, plaintiff alleges defendants "mocked [p]laintiff's religion," "desecrat[ed] plaintiff's blessing oil," and that defendant's "conduct was blasphemous." Compl. ¶ 15. Even assuming this action constituted "official action," nowhere in plaintiff's complaint is it alleged that defendants had any knowledge of plaintiff's religion or his religious practices. Without this knowledge, it is difficult to imagine that the officers made the arrest with the "object or purpose" of suppressing plaintiff's "religion or religious conduct." *Lukumi Babalu Aye*, 508 U.S. at 533.

Moreover, "to merit protection under the free exercise clause of the First Amendment. . . the claimant's proffered belief must be sincerely held. . . and the claim must be rooted in religious belief." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981). Plaintiff's complaint provides no factual allegations supporting either of these two requirements. From the pleadings, it is not clear that the arrest did, in fact, interfere with his religious practices: the pleadings do not describe plaintiff's religion, his religious practices, or the role blessing oil plays in the religion. The complaint further lacks factual allegations supporting plaintiff's claims that defendants "desecrated" the blessing oil, "mocked Plaintiff's religion,"[1] or how the officer's conduct interfered with the practice of his religion.

Absent *some* description of plaintiff's religious practices and factual allegations tending to show that defendants acted with the "object or purpose" of suppressing plaintiff's religion, the facts alleged in the pleadings do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Therefore, plaintiff's claim is DISMISSED with leave to amend.

---

[1] This allegation is especially puzzling, given that plaintiff has argued that defendants did not know which religion he practiced.

4

### B.     Fourth Amendment Violation

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994). A claim stemming from an arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993); *Forster v. County of Santa Barbara*, 896 F.2d 1146, 1147 (9th Cir. 1990).

"To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (citing *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). "[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Davenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). "That is to say, [an officer's] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* Consequently, so long as there is objectively reasonable probable cause for an offense, not solely for the offense for which an individual is cited, an arrest may be lawful. *See id.*

Plaintiff's claim that his arrest was without probable cause in violation of the Fourth Amendment is insufficiently supported by the factual allegations of the complaint.[2] Plaintiff's complaint relies heavily on two alleged facts which supposedly demonstrate that the defendants lacked probable cause for the search. First, plaintiff alleges that he told the officers the blessing oil was used for religious purposes and was not an illegal substance. Second, plaintiff alleges that defendants "admitted that they were not sure the blessing oil contained any illegal substances." Compl. ¶ 15. However, even assuming the truth of these two facts, neither suggests "more than a sheer possibility" that the officers lacked

---

[2]If plaintiff intended to allege a violation of his Fourth Amendment rights based on the duration of his incarceration, he has utterly failed to do so— both in terms of explicitly stating the length of his incarceration as a basis for his claim and, in all likelihood, naming the defendants directly responsible for his incarceration.

5

probable cause. *Iqbal*, 129 S.Ct. at 1949; s*ee United States v. Sutton*, 794 F.2d 1415, 1427 (9th Cir. 1986) ("[L]aw enforcement officers do not have to rule out the possibility of innocent behavior" in order to have probable cause for an arrest.); *Horton v. California*, 496 U.S. 128, 138, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) ("[E]venhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer."). All other statements in the complaint regarding defendants' probable cause, or lack thereof, are entirely conclusory.[3]

As noted previously, the complaint is silent as to the facts precipitating the defendants' stop of plaintiff's vehicle and the subsequent search. In order to state a valid claim, plaintiff's complaint must state facts which would "plausibly suggest" that the defendants' perception of the blessing oil as an illegal substance and plaintiff's subsequent arrest were objectively unreasonable, in light of a presumptively valid and unchallenged police stop and search. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). Because plaintiff has failed to do so, his claim is DISMISSED with leave to amend.

### C. *Monell* **Claim**

Plaintiff's "*Monell* Claim" against the City of Oakland alleges that the city's "lack of adequate supervisorial [sic] training, and /or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful searches and arrests by officers employed" by the city. Compl. ¶ 26. In *Monell*, the Supreme Court established that a local government may not be held vicariously liable under § 1983 for "an injury inflicted solely by its employees or agents," but a municipality may be liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*

---

[3]For example, plaintiff states "It should have been clear to any reasonably objective officer that the blessing oil was not hashish oil, narcotics or any other unlawful substance," yet plaintiff's complaint provides no facts in support of that conclusion. Compl. ¶ 14. Also, the complaint states that "the arrest was unlawful an[d] in violation of the Fourth Amendment because there was no probable cause to believe that plaintiff was engaged in criminal behavior," but— again— plaintiff fails to describe how or why plaintiff's arrest was unreasonable. Compl. ¶ 15.

6

*v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has pled no facts in support of his claim that the defendant officers were acting pursuant to a city custom or policy, or that the city has failed to adequately train its police officers. Moreover, "a public entity is not liable for § 1983 damages under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff." *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 89 L. Ed. 2d 806, 106 S. Ct. 1571 (1986)). Since plaintiff has not pled facts sufficient to state a claim for a colorable constitutional violation, at this time, plaintiff's claim against the city is similarly unviable. Therefore, plaintiff's claim is DISMISSED. While plaintiff's claim, as currently pled, appears to be wholly speculative and simply a recitation of the elements of municipal liability, the Court grants plaintiff leave to amend.

## II. State Law Claims

### A. False Arrest

The tort of false imprisonment or false arrest consists of the "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Fermino v. Fedco, Inc.*, 872 P.2d 559, 567 (Cal. 1994) (quotations and citations omitted). Pursuant to California Penal Code § 847(b)(1), a police officer shall not be held civilly liable for false arrest if he or she was acting within the scope of his or her authority, and if the arrest was lawful, or if the police officer had reasonable cause to believe the arrest was lawful at the time of the arrest. Reasonable cause to arrest exists when the facts known to the arresting officer would lead a reasonable person to have a strong suspicion of the arrestee's guilt. *People v. Mower*, 49 P.3d 1067, 1076-77 (Cal. 2002).

Plaintiff has sufficiently alleged "nonconsensual, intentional confinement" for an "appreciable length of time," but—like his allegations arising under the Fourth Amendment—he has failed to allege facts supporting his claim that the arrest was "without lawful privilege." *Fermino*, 872 P.2d at 567. Plaintiff's amended complaint must contain factual allegations that add up "to more than a sheer possibility" that the arrest was made without reasonable cause. *Twombly*, 550 U.S. at 555. Plaintiff's claim is DISMISSED with leave to amend.

7

### B. Intentional Infliction of Emotional Distress

The elements of a *prima facie* case of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J.C. Penney Co.*, 595 P.2d 975, 983 (Cal. 1979) (citations omitted). "For [c]onduct to be outrageous [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations omitted).

Plaintiff's factual allegations fall far short of stating a sufficient claim for intentional infliction of emotional distress. As with plaintiff's Fourth Amendment and false arrest claims, the lack of factual allegations tending to support that the arrest was unreasonable wholly undermines the claim. However, even if plaintiff were to amend his complaint to allege facts showing plaintiff's arrest was unreasonable, the conduct of defendants would still need to rise to a level "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Cochran v. Cochran*, 76 Cal. Rpt. 2d 540, 545 (Cal. App. 1998) (citing Restatement (Second) of Torts § 46, com. d (1977)). As pled, plaintiff's current claim is simply a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555. The facts fail to support a reasonable inference that defendants' conduct approximated the requisite level of "outrageousness," or that defendants acted with the "intention of causing, or reckless disregard of the probability of causing" extreme emotional distress. Therefore, plaintiff's claim is DISMISSED with leave to amend.

///

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS defendants' motion to dismiss with leave to amend.

8

**IT IS SO ORDERED.**

Dated: January 14, 2010

SUSAN ILLSTON
United States District Judge