IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TURNER, | No. C 09-03652 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT** |
| v. | |
| OAKLAND POLICE OFFICERS CHRISTOPHER CRAIG, J. TURNER, P. PHAN, CITY OF OAKLAND, | |
| Defendants. | |

Defendants have filed a motion to dismiss plaintiff's Third Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS in part and DENIES in part the motion to dismiss.

**BACKGROUND**

The factual background of this case has been described in several prior orders of this Court and need not be recounted in detail here. By way of summary, this action was filed by plaintiff Michael Turner against the City of Oakland and several Oakland police officers who stopped plaintiff's car on March 23, 2009 while plaintiff was riding in the car as a passenger. After the police found marijuana on the driver of the car, they handcuffed plaintiff and searched the vehicle, where they found a vial of "blessing oil." Plaintiff explained that he used the oil for religious purposes. According to plaintiff, although the officers admitted that they did not know whether the oil contained any illegal substances, they confiscated the vial and arrested plaintiff. Plaintiff was held in jail for ten days while the blessing

1  oil was tested for the presence of illegal substances.

2  In his Third Amended Complaint ("TAC"), plaintiff asserts the same claims he alleged in his
3  previous complaint: claims against the officers under 42 U.S.C. § 1983 for violations of his First and
4  Fourth Amendment rights, a *Monell* claim against the City of Oakland, and state law claims against all
5  defendants for false arrest and intentional infliction of emotional distress.  Presently before the Court
6  is defendants' motion to dismiss.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.  In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and draw all reasonable inferences in its favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### I.  First Amendment Claim

Plaintiff alleges that the officers violated his rights under the First Amendment by seizing his blessing oil, arresting him, and expressing skepticism that the oil was a religious artifact.  TAC ¶ 49. The Court advised plaintiff in its prior orders that, in order to state a claim under the First Amendment, plaintiff must provide factual allegations showing (1) that the officers acted with the "object or purpose"

2

of suppressing plaintiff's religion, and (2) that plaintiff's beliefs were "sincerely held" and "rooted in religious belief." *See* Jan. 14, 2010 Order at *4 (Docket No. 37); March 9, 2010 Order at *5-6 (Docket No. 50) (quoting *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 533 (1993); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981)).

In response to these admonitions, plaintiff has alleged in his TAC that he attends the Church of God in Christ and that his aunt gave him the blessing oil for use during "meditation, prayer, and other religious rituals." TAC ¶ 22. Plaintiff alleges that he "told the officers that he believed the use of blessing oil for anointing purposes could be found in the Bible at Psalms 23:5" and that "he had incorporated this anointing oil into daily life and sprinkled it over himself during prayer or just kept it with him for good luck and spiritual purposes." *Id.* ¶¶ 22-23.

Although these allegations respond to the Court's request for further information regarding plaintiff's beliefs, plaintiff has provided no allegations tending to show that the officers acted with the object or purpose of suppressing his faith. Plaintiff has simply repeated the same allegations contained in previous versions of the complaint: that the officers seized the oil and arrested plaintiff after expressing disbelief that the oil was used for religious purposes. Plaintiff has provided no allegations tending to show that the officers acted with the object and purpose of suppressing his religion, rather than with the purpose of determining whether the oil contained an illegal substance such as hashish oil or concentrated cannabis. Although plaintiff argues in his opposition to the motion to dismiss that the officers "had no objective factual basis for believing the oil resembled hashish oil yet they arrested him anyway," he also states that "[d]etecting hashish oil is more difficult than detecting alcohol or marijuana and it requires some level of training and/or experience." Oppo. at 3-4. Plaintiff's allegations do not provide a plausible basis for his First Amendment claim.

Having provided plaintiff with multiple opportunities to amend his claim and clear instructions for doing so, the Court concludes that plaintiff is unable to cure the defects in his claim. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff's First Cause of Action is therefore DISMISSED with prejudice.

///

**II.    Fourth Amendment Claims**

   **A.    Plaintiff's Arrest**

Plaintiff alleges that his arrest and the search of his residence violated his rights under the Fourth Amendment because the officers lacked probable cause to believe he was engaged in any criminal behavior. Plaintiff's claim is based on his allegations that he told the officers that the blessing oil was used for religious purposes and was not an illegal substance, but the officers refused to test the oil on the spot and "admitted that they were not sure the blessing oil contained any illegal substances." TAC ¶ 51. In dismissing this claim in its two prior orders, the Court advised plaintiff that these allegations were insufficient to show "more than a sheer possibility" that the officers lacked probable cause for the arrest. *See* Jan. 14, 2010 Order at *5-6; March 9, 2010 Order at *7 (quoting *Iqbal*, 129 S. Ct. at 1949). Plaintiff has provided no additional allegations in the most recent version of the complaint.[1]

As with the First Amendment claim, the Court must conclude, based on plaintiff's multiple chances to amend his claim and the Court's repeated admonitions regarding the specific facts needed in order to do so, that plaintiff is unable to cure the defects in his claim. Plaintiff's Second Cause of Action for Fourth Amendment violations relating to his arrest is therefore DISMISSED with prejudice.

   **B.    Plaintiff's Detention**

Plaintiff also alleges that defendants violated his Fourth Amendment rights by detaining him for ten days while purportedly testing the blessing oil for the presence of illegal substances. In dismissing this claim as alleged in the previous version of the complaint, the Court explained that although plaintiff might be able to state a claim based on detention for more than 48 hours without being given a probable cause hearing, plaintiff's allegations were "insufficient to establish the precise length of plaintiff's

---

[1] Plaintiff relies on *Dubner v. City & County of San Francisco*, 266 F.3d 959 (9th Cir. 2001) for the proposition that it is defendants' burden of proof to show probable cause, not plaintiff's burden to show the absence thereof. However, *Dubner* addressed the issue of the burden of production at trial. *Id.* at 965 ("Although the plaintiff bears the burden of proof on the issue of unlawful arrest, she can make a prima facie case simply by showing that the arrest was conducted without a valid warrant. At that point, the burden shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest. The plaintiff still has the ultimate burden of proof, but the burden of production falls on the defendant."). *Dubner* did not affect the rule that a plaintiff must provide sufficient allegations to state a plausible claim for relief, and must prove his allegations at trial.

4

detention, as well as the circumstances of that detention." March 9, 2010 Order at *8-9 (citing *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975); *Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)). In response, plaintiff has now alleged that he was held for ten days without a hearing. TAC ¶ 56. In the Court's view, that allegation is sufficient to state a Fourth Amendment claim for unlawful detention.

Defendants assert, however, that plaintiff's claim must be dismissed because the 48-hour requirement "has been interpreted as not applying when a parole hold on other matters has been placed upon the defendant." *Ng v. Superior Court*, 840 P.2d 961, 966 (Cal. 1992). Defendants assert that the likelihood that plaintiff was detained pursuant to a parole hold presents an "obvious alternative explanation" for the detention, rendering plaintiff's Fourth Amendment claim implausible. *See Iqbal*, 129 S. Ct. at 1951-52 (quoting *Twombly*, 550 U.S. at 567). In connection with the previous motion to dismiss, defendants submitted evidence of plaintiff's parole status; however, this evidence is not referenced in the complaint and is not properly considered in ruling on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).

Because the allegations in the complaint, taken as true, state a claim for unlawful detention under the Fourth Amendment, the motion to dismiss plaintiff's Second Cause of Action as to his detention is DENIED. To the extent defendants are in possession of evidence that may undermine this claim, defendants may present such evidence in support of a dispositive motion.

### III.    *Monell* Claim

Plaintiff asserts a claim against the City of Oakland under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), based on the City's alleged failure to train or supervise its officers and to provide adequate policies and procedures for carrying out searches and arrests. Plaintiff alleges that the City "failed to train its police officers . . . in the proper and reasonable manner of detecting narcotics and making arrests," including "the appropriate means to detect unlawful substances or refrain from making arrests in that area." TAC ¶¶ 76, 79. In his opposition to the motion to dismiss, plaintiff clarifies that this claim is based on the officers' admitted inability to identify concentrated cannabis or hashish oil. Oppo. at 17-18.

In dismissing this claim from the previous version of the complaint, the Court explained that

5

1  plaintiff had "failed to support his contention with any facts that tend to show that the officers were
2  acting pursuant to a custom or policy, or that the officers were inadequately trained." *See* Jan. 14, 2010
3  Order at *7; March 9, 2010 Order at *10. In his TAC, plaintiff does not remedy this deficiency.
4  Instead, he offers legal arguments concerning the sufficiency of his claims, as well as speculative
5  allegations regarding the City's practices. TAC ¶ 75 ("In general, the pleadings contain[] sufficient
6  evidence to establish [the elements of a *Monell* claim]"); ¶ 74 ("It could also be that the police, in
7  exercising their discretion, so often violate constitutional rights that the need for further training must
8  have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to
9  the need"). These statements do nothing to bolster plaintiff's claim.

It appears that plaintiff is unable to allege additional facts plausibly supporting a *Monell* claim against the City of Oakland. Plaintiff's Third Cause of Action is therefore DISMISSED with prejudice.

### IV.    State Law Claims

#### A.    False Arrest

Plaintiff asserts that the officers committed false arrest under California law by arresting him without probable cause or a reasonable basis to believe that he had committed any crime. The Court previously dismissed this claim on the ground that, as described above with respect to plaintiff's Fourth Amendment claim, plaintiff had failed to allege that the officers lacked probable cause for the arrest. The Court directed plaintiff to amend his complaint with allegations showing that the officers lacked probable cause. In the latest version of his complaint, plaintiff includes no new factual allegations. Instead, plaintiff includes arguments concerning the parties' burdens of proof and production at trial. *See* TAC ¶¶ 85-86. These arguments are inappropriate in a complaint; moreover, they do not provide support for plaintiff's claim.

Having concluded that plaintiff's Fourth Amendment challenge to the arrest must be dismissed because plaintiff cannot allege facts showing a lack of probable cause, the Court finds that plaintiff's Fourth Cause of Action, for false arrest, must also be DISMISSED with prejudice.

### B. Intentional Infliction of Emotional Distress

Plaintiff's final claim alleges that defendants engaged in intentional infliction of emotional distress by arresting plaintiff despite knowing "that they did not have sufficient objective facts to support a conclusion that the substance was concentrated cannabis." TAC ¶ 91. Plaintiff alleges that this conduct was "so outrageous in character and so extreme as to go beyond all possible bounds of decency." *Id.* The Court previously admonished plaintiff that these allegations are far too conclusory to state a claim for infliction of emotional distress. *See* March 9, 2010 Order at \*11. Plaintiff has disregarded the Court's admonition and failed to include any new factual allegations in his complaint. The Court concludes that plaintiff cannot amend his complaint to cure the defects previously identified. Plaintiff's Fifth Cause of Action is therefore DISMISSED with prejudice.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendants' motion to dismiss. (Docket No. 52). Plaintiff's First, Third, Fourth and Fifth Causes of Action, and the portion of his Second Cause of Action challenging his arrest, are hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: May 5, 2010

SUSAN ILLSTON
United States District Judge