IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TURNER, | No. C 09-03652 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY PENDING APPEAL, AND DENYING PLAINTIFF'S MOTION FOR ADDITIONAL FINDINGS** |
| v. | |
| OAKLAND POLICE OFFICERS CHRISTOPHER CRAIG, J. TURNER, P. PHAN, CITY OF OAKLAND, | |
| Defendants. | |

Plaintiff Michael Turner has filed a motion for certification of interlocutory appeal and for a stay pending appeal, and a motion for additional findings by this Court pursuant to Federal Rule of Civil Procedure 52(b). These matters are currently set for hearing on June 18, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. The Court also VACATES the June 18, 2010 case management conference.

**BACKGROUND**

Plaintiff Michael Turner filed this action against the City of Oakland and several police officers who stopped plaintiff's car on March 23, 2009 while he rode as a passenger. After the police found marijuana on the driver of the car, they searched the vehicle, where they found a vial of "blessing oil" belonging to plaintiff. Although plaintiff explained that he used the oil for religious purposes, the officers confiscated the vial and arrested plaintiff. Plaintiff was held in jail for ten days while the oil was tested for the presence of illegal substances.

On May 5, 2010, the Court issued an order granting in part and denying in part defendants'

motion to dismiss the Third Amended Complaint ("TAC"). The Court dismissed plaintiff's First and Fourth Amendment challenges to his arrest and the officers' seizure of the blessing oil. The Court also dismissed plaintiff's *Monell* claim against the City of Oakland for failure to train the officers in detecting illegal substances, as well as his state law claims for false arrest and intentional infliction of emotional distress. The Court denied the motion to dismiss as to plaintiff's claim that his Fourth Amendment rights were violated when he was detained for ten days without a probable cause hearing.

In the first motion now before the Court, plaintiff seeks certification of an interlocutory appeal of the Court's May 5, 2010 order ("May 5 Order") dismissing some of his claims, and asks the Court to stay the dismissal order pending appeal. In his second motion, plaintiff requests that the Court issue additional findings in support of the May 5 Order. For the reasons set forth below, the Court DENIES both motions.

## DISCUSSION

### I.  Motion to Certify Appeal and to Stay[1]

Plaintiff first seeks an order certifying for interlocutory appeal the Court's May 5 Order, which held that plaintiff failed to adequately plead his First and Fourth Amendment claims against the individual officers based on his arrest and the confiscation of his blessing oil, his *Monell* claim against the City of Oakland, and his state law claims against all defendants.

"[A] party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429 (1985) (internal quotation marks and citation omitted). A partial dismissal order does not qualify as a "final order" for purposes of appeal. *Nascimento*, 508 F.3d at 908. An interlocutory appeal of a non-final order may, however, be certified if the district court determines that "such order involves a controlling question of law as to

---

[1] Plaintiff initially filed this motion the day after the Court issued its May 5 Order. After filing a reply memorandum in support of the motion, however, plaintiff filed a Notice of Appeal as to the May 5 Order, purporting to appeal "that portion of the order that terminates the entire action against The City of Oakland on all Plaintiff's claims under a *Monell* theory and the pendent state law claims." Notice of Appeal at 1 (Docket No. 67). Plaintiff's appeal does not divest this Court of jurisdiction to consider the motions currently pending. *Nascimento v. Dummer*, 508 F.3d 905, 909-10 (9th Cir. 2007) ("[A]ppeals of . . . interlocutory orders do not transfer jurisdiction to the appellate court and thus do not strip the district court of jurisdiction to conduct further proceedings in the case.").

2

which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir.1982).

Plaintiff has not shown a "substantial ground for difference of opinion" as to any of the issues he seeks to appeal. 28 U.S.C. § 1292(b). First, plaintiff argues that, in light of *Jones v. Bock*, 549 U.S. 199 (2007), the "heightened pleading requirement" set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) cannot be applied in a case brought under Section 1983. As an initial matter, plaintiff is not correct that *Iqbal* imposed "heightened pleading requirements" beyond those set forth in Federal Rule of Civil Procedure 8. *See Iqbal*, 129 S. Ct. at 1949-50. Additionally, the Ninth Circuit and numerous other circuits have applied *Iqbal*'s pleading requirements in Section 1983 cases. *See, e.g.*, *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806 (9th Cir. 2010); *Flanory v. Bonn*, 604 F.3d 249 (6th Cir. 2010); *Sanchez v. Pereira-Castillo*, 590 F.3d 31 (1st Cir. 2009); *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180 (3d Cir. 2009). There is therefore no basis for finding a "substantial ground for difference of opinion" on the question of whether *Iqbal*'s pleading requirements apply to plaintiff's case.

Second, plaintiff argues that there are serious questions as to whether *Dubner v. City & County of San Francisco*, 266 F.3d 959 (9th Cir. 2001) places the burden on defendants to show probable cause for an arrest, rather than on plaintiff to show a lack of probable cause. As the Court has already explained, however, *Dubner* addressed the issue of the burden of production at trial, not the issue of what a plaintiff must plead in order to state a claim under the Fourth Amendment. May 5 Order at *4 n.1. Plaintiff has not shown any basis for finding a substantial ground for disagreement on this point.

In addition, permitting an interlocutory appeal will not materially advance the termination of this litigation. The sole issue remaining in the case before this Court is whether plaintiff's Fourth Amendment rights were violated by his ten-day detention in the Oakland jail. The Court believes this issue can be resolved expeditiously, and will make its calendar available for an early trial date to enable plaintiff to appeal the entire matter if he so chooses.

Because plaintiff has presented no justification for certifying an interlocutory appeal of the May 5 Order, the motion to certify is DENIED. The motion for a stay pending appeal is DENIED as moot.

## II. Motion for Additional Findings

In the second motion before the Court, plaintiff requests that the Court issue additional findings under Federal Rule of Civil Procedure 52(b) in order to facilitate his appeal. Specifically, plaintiff asks the Court to "make[] findings that the police officers had probable cause to arrest plaintiff on March 23, 2009" and that "the Defendants or any of them had probable cause to believe that the substance they recovered from Plaintiff's vial was or resembled concentrated cannabis, hashish oil, or any other contraband." Mot. at 1-2. Plaintiff further requests that the Court "state where in the record it obtained the facts in support of said probable cause."

Federal Rule of Civil Procedure 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Even assuming that this provision applies to a non-final order, plaintiff has not shown that additional findings are appropriate. Plaintiff fundamentally misunderstands the Court's role in ruling on a motion to dismiss. The Court does not weigh competing evidence at the motion to dismiss stage, but rather assesses whether, assuming the truth of all allegations the complaint, the plaintiff has stated a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Here, the Court concluded that, despite multiple opportunities to amend his complaint, plaintiff failed to allege sufficient facts in support of his claims. No additional "findings" are required or appropriate at this stage. The motion for additional findings is therefore DENIED.

## CONCLUSION

For the foregoing reasons, and for good cause shown, plaintiff's motion for certification of interlocutory appeal and stay pending appeal, and plaintiff's motion for additional findings, are both DENIED. (Docket Nos. 58, 61).

**IT IS SO ORDERED.**

Dated: June15, 2010

SUSAN ILLSTON
United States District Judge

4