United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL TURNER,

        Plaintiff,

  v.

OAKLAND POLICE OFFICER
CHRISTOPHER CRAIG, et al.

        Defendants.
                              /

No. C 09-03652 SI

**ORDER RE: LETTER BRIEF ON DISCOVERY ISSUE**

**(Doc. 82)**

      This action was filed by plaintiff Michael Turner against the City of Oakland and several Oakland police officers who stopped plaintiff's car on March 23, 2009 while plaintiff was riding in the car as a passenger. After the police found marijuana on the driver of the car, they handcuffed plaintiff and searched the vehicle, where they found a vial of "blessing oil." Plaintiff explained that he used the oil for religious purposes. According to plaintiff, although the officers admitted that they did not know whether the oil contained any illegal substance, they confiscated the vial and arrested plaintiff. Plaintiff was held in jail for ten days while the blessing oil was tested for the presence of illegal substances. The only claim that remains in this case is for unlawful detention in violation of the Fourth Amendment, based on plaintiff's allegation that he was held in jail for ten days without being given a probable cause hearing.

      A dispute has now arisen in this case regarding the adequacy of defendants' response to several of plaintiff's discovery requests. In a letter brief to the court filed on October 5, 2010, plaintiff makes four requests that the Court understands to be requests for an order of production.

      First, plaintiff asks the Court to order defendant J. Turner to produce the pages of the "Law

Enforcement Drug ID and Symptom Guide, 3rd Ed. (Law Tech by Qwik-Code)." In response to plaintiff's interrogatories, defendants stated that defendant Joseph Turner consulted this guide, "which depicted a substance similar in appearance to the suspected hashish oil found in the glove compartment." Pl. Reply Ex. A, Resp. To Int. No. 6. Plaintiff then requested that defendant J. Turner produce the Guide. In response, defendant J. Turner wrote that the Guide "can be purchased through several online used book sellers." Def. Attach. In his opposition to plaintiff's discovery letter, defendant J. Turner did not explain why he is not obligated to produce the relevant pages of the Guide that he relied on in his investigation. Production of the Guide for plaintiff's inspection will place little burden on defendant; and if the Guide is publicly available, then there should be no question of privilege or need for a protective order. Plaintiff's request is GRANTED, and defendant J. Turner is hereby ordered to produce the relevant pages for inspection and copying **within two weeks of the date of this order**.

Second, plaintiff asks the Court to order defendants to tell plaintiff "what about the contents of the vial resembled hashish oil and/or concentrated cannabis." In plaintiff's first set of interrogatories, plaintiff asked defendants to "Describe in detail all objective facts . . . that led you to conclude that the vial in Michael Turner's possession . . . resembled concentrated cannabis." Def. Attach. Defendants responded that defendant J. Turner "recovered . . . one (1) small glass bottle with a rubber stopper containing a thick viscous, gold substance of suspected hashish oil . . . . Officer Turner also consulted the [Guide], which depicted a substance similar in appearance to the suspected hashish oil." *Id.* In a later set of interrogatories, plaintiff asked defendant J. Turner to "Describe in detail all of the characteristics of the substance in the vial, including but not limited to its color, hue, consistency, smell, taste, and amount . . . that led you to conclude that the vial in Michael Turner's possession . . . resembled concentrated cannabis." To this, defendants J. Turner provided a nearly identical answer. *Id.* Plaintiff has stated his belief that defendants relied on more facts than these and he has given defendants ample opportunity to supplement their answers. Pl. Reply Ex. 3. Defendants have declined to do so. If there are no more facts, there are no more facts. If there are more facts, and defendants attempt to rely on them in the future, then plaintiff will have remedies at that point. Plaintiff's request is DENIED.

Third, plaintiff asks the Court to order defendants to disclose "what they know or learned . . . about the contents of the vial after it was seized from Plaintiff, insofar as testing." In his interrogatories,

2

plaintiff asks defendants to "Explain what happened to the vial of oil/substance that the Oakland police seized from Michael Turner on March 23, 2009, from the time it was seized until present." Defendant Craig answered by stating that he "has no personal knowledge . . . but believes, based on Oakland Police Department custom and practice, that said evidence went to the crime laboratory." Defendant J. Turner stated that he and defendant Phan "deposited said evidence with the crime laboratory." In response to a different interrogatory, defendant J. Turner stated that either he or defendant Phan "packaged the above-described substance[] in a narcotics envelope and deposited said evidence with the crime laboratory." Def. Attach. It is not precisely clear what plaintiff believes is inadequate about these responses, although plaintiff appears to believe that defendants must provide information that their attorneys are aware of or to which they have access. Defendants are individuals, not representatives of entities, and therefore they are only required to answer interrogatories based on their own personal knowledge. *O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("Thus, an individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information."). Defendants have stated that they have no knowledge beyond that which they disclosed in their answers. Plaintiff's request is DENIED.

Finally, plaintiff asks the Court to order defendants to produce any documents relating to their own "past conduct on dishonesty and or making false reports." In plaintiff's request for production, plaintiff requested "documents relating to citizens' complaints of fabrication of evidence, theft of property by police officers, falsification of official documents, discrimination," etc. Defendants stated that such documents are not in their possession, custody or control. Federal Rule of Civil Procedure 34 only requires the production of documents "in the responding party's possession, custody, or control." Plaintiff's request is DENIED.

For the reasons stated above, plaintiff's request for an order of production is GRANTED IN PART and DENIED IN PART. **Within two weeks of the date of this order**, defendant J. Turner is ordered to produce the relevant pages of the Guide for inspection and copying. (Doc. 82.)

**If any future discovery disputes arise**, defendants' counsel is ORDERED to meet and confer with plaintiff's counsel, even if counsel believes that such a meeting will not be fruitful. Further, in any

3

future request for relief from the Court, the parties are ORDERED to provide the Court with specific details as to what the discovery requests were, what the responses were, why those responses were deficient, and what the party seeks from the Court. The parties shall also attach to any discovery letter actual copies of the discovery requests and responses.

**IT IS SO ORDERED.**

Dated: December 2, 2010

SUSAN ILLSTON
United States District Judge