1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    MICHAEL TURNER,                              No. C 09-03652 SI

9                Plaintiff,                       **ORDER RE: MOTION TO QUASH**

10       v.

11   OAKLAND POLICE OFFICER
     CHRISTOPHER CRAIG J. TURNER, et al.
12
                 Defendants.
13   _____/

14

15          Defendants' motion to quash is currently scheduled for hearing on February 18, 2011.  Pursuant

16   to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument

17   and hereby VACATES the hearing.  Having considered the papers submitted, and for good cause shown,

18   the Court rules as follows.

19          Plaintiff served a subpoena directing the Custodian of Records for the Oakland Police

20   Department Officer Files to produce "Any and all documents, reports, records, statements, and

21   recordings relating to alleged incidents of dishonesty and / or falsification of documents and / or

22   evidence by Oakland police officers J. Turner, 8944, C. Craig, 8038, and / or P. Phan, 8933 from 2005

23   to present."  Rosen Decl. Ex. 1.

24          Defendants Craig, Turner, and Phan move to quash this subpoena, and they request monetary

25   sanctions in the amount of $1375.00 for plaintiff's failure to withdraw the subpoena after being asked

26   to by defendants.  In the alternative, defendants request that the subpoena be stayed until after the Court

27   rules on a not-yet-filed motion for summary judgment, or that the Court sign a protective order

28   regarding the requested records.  Plaintiff is not opposed to a protective order, but argues that the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

subpoena should not be squashed or stayed.  Plaintiff also argues that defendants failed to meet and confer before filing the motion, thus violating prior Court orders, and he requests $2750.00 in sanctions.

The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The key phrase in this definition—'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[T]he question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

One claim remains in this case—a § 1983 claim that defendants violated plaintiff's Fourth Amendment rights by detaining him for ten days while purportedly testing the blessing oil for the presence of illegal substances.  Defendants assert that their involvement with plaintiff and his detention ended the moment that they gave the blessing oil to the crime lab, and therefore nothing in their personnel files could possibly be relevant to plaintiff's claim.[1]  Plaintiff argues that the requested documents related to the defendant officers' credibility and reputation for veracity.

The Court agrees that plaintiff is attempting to obtain discovery regarding a matter that is relevant to his remaining claim.  Under defendants' reasoning, no discovery could possibly be relevant, because defendants are simply not liable for violating plaintiff's Fourth Amendment rights. Defendants' motion to quash is DENIED.[2]  However, the Court does find it appropriate to issue a protective order and will sign the order to which the parties agreed.

---

[1]    Defendants discuss California privilege law surrounding the personnel records of police officers, but they do not argue that the records cannot be disclosed in this case. *See* Mem. of Points and Authorities in Support of Def. Motion to Quash at 4–5.

[2]    The Court also declines to stay the subpoena until after the resolution of a not-yet-filed defense motion for summary judgment. Relevant discovery is relevant discovery, and if it leads to admissible evidence such evidence would be admissible not only at trial, but also on a motion for summary judgment.

The Court DENIES the sanctions requests made by both plaintiff and defendants. The Court notes, however, that sending a demand email is not the same as meeting and conferring. The parties are instructed to make reasonable attempts to confer that are actually calculated to lead to a conference any time they have a dispute that is even somewhat related to discovery. For example, if counsel believes that an email has not been responded to, counsel might consider using the telephone to inquire whether a response is forthcoming. Similarly, upon receipt of a demand letter, counsel might respond directly to explain why he does not wish to acquiesce.

This dispute is a perfect example of why the Court requires the parties to confer before filing certain motions. If counsel for defendants had spoken to counsel for plaintiff, defendants would have learned, at the very least, that plaintiff was willing to stipulate to a protective order. Defendants likely would also have learned why it was that plaintiff filed a third-party subpoena and why plaintiff believed he was entitled to the requested portions of the personnel files. Even if defendants still felt that they needed to file this motion, they could have narrowed the question for the Court to the question of relevance (as they did in their reply brief, after conferring with counsel for plaintiff). Additionally, it would have behooved plaintiff to respond directly to defendants' email rather than merely asking if it was a request to meet and confer. Assuming that the parties were able to narrow the issues under dispute, plaintiff could have directed his time and attention to the question of relevance rather than attacking the manner in which defendants' approached their problems with the subpoena.

Defendants calculated the attorney's fees for the time expended on the initial briefing on this motion at $1375.00, and plaintiff has calculated his attorney's fees at $2750.00. The Court does not need to tell the parties that the filing of unnecessarily broad motions drives up the costs of litigation unnecessarily. It is the responsibility of counsel to litigate in a reasonable manner, and that includes speaking with opposing counsel when problems arise.

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to quash.  (Doc. 87.)  The Court DENIES the sanctions requests of both parties.  (Docs. 87 & 91.)  A separately issued protective order will follow.

**IT IS SO ORDERED.**

Dated:  February 16, 2011

SUSAN ILLSTON
United States District Judge